In the Matter of the Application of EUGENE B. BLAZEJEWSKI and Others, Petitioners, for an Order against WILLIAM A. ECKERT, as Comptroller of the City of Buffalo, New York, Respondent.

Supreme Court, Erie County, March 25, 1938.

*Michael Catalano,* for the petitioners.

*David Diamond, Corporation Counsel [Gerald J. Shields* of counsel], for the respondent.

HARRIS, J. The petitioners ask for an order compelling the respondent to draw certain warrants in favor of the petitioners so that they may be paid for services claimed to have been performed by them as temporary attorneys and temporary stenographers in the city department of law. On the return day of this proceeding the respondent moved for an order dismissing the petition as a matter of law on the following grounds: That the petitioners have an adequate remedy at law; that the petition fails to state facts sufficient to constitute grounds for the granting of the relief asked and that there was no lawful employment of the petitioners, and,

therefore, the respondent was prohibited by the Civil Service Law from drawing the warrants.

The facts on which the claims of the petitioners are based are as follows: During the year 1935 the city of Buffalo, through its department of law, commenced foreclosing tax liens and employed the petitioners above named and other persons as temporary attorneys and temporary stenographers. Such employment was begun after the common council of the city of Buffalo, with the proper approval of the mayor, had duly enacted ordinances for the employment. Subsequent to the enactment of the original ordinance there were enacted further ordinances. The last ordinance enacted prior to the 30th day of June, 1937, provided for the employment of the petitioners until June 30, 1937, and the last appropriation for such employment was exhausted on the same date. The employment for the payment of which this proceeding is brought is for the period covered by the dates of July 1 to July 12, 1937. After June 30, 1937, the next appropriation for salaries of the petitioners herein was adopted on July 19, 1937, and the next ordinances authorizing the employment of the petitioners were adopted on July 22, 1937, and such ordinances were made effective on July 13, 1937. Under the ordinances adopted July 22, 1937, the petitioners continued to work to December 30, 1937. In December, 1937, the petitioners presented to the common council of the city of Buffalo claims for services which the petitioners stated had been performed continuously from July 1 to July 13, 1937. In reference to such claims the common council took the following action: The committee on claims of the council, to which had been submitted the claims of the petitioners herein, reported, on December 28, 1937, that it had considered the claims and recommended the passage of the following resolution: "That the claims of the various temporary attorneys and various temporary stenographers named therein for salary from July 1, 1937, to July 12, 1937, inclusive, in the respective amounts set out therein, be paid, and that warrants be drawn on the General and Administrative Salary Account, Department of Law, in favor of said various temporary attorneys named therein and various temporary stenographers named therein in the amounts set out respectively as due them in said Item No. 109 of the Common Council Proceedings of December 14, 1937, and delivered to them upon execution and delivery to the Corporation Counsel of a proper release and such other papers as he may require in the premises." On the date of such recommendation the common council passed the above resolution, and the action of the common council was approved by the mayor on the 26th day of December, 1937. Following such approval by the mayor, the

comptroller requested the opinion of the corporation counsel as to whether he should approve the warrants of the petitioners for payment, and the corporation counsel advised the comptroller that he was not authorized to approve them. Following such advice the comptroller, respondent herein, refused to draw the warrants asked for by the petitioners, and this proceeding was brought.

The finding of the corporation counsel evidently was based on his thought that, as a matter of strict legal right, the petitioners had no claim against the city. He had in his possession at that time statements from his predecessor in office and from one of his assistants that the petitioners had been notified to cease service at the close of the month of June, 1937, and that no services had been performed by the petitioners during the first twelve days of July, 1937. Affidavits are presented by the petitioners and by the respondent in reference to whether such services were performed from July 1 to July 12, 1937. These affidavits raise a question of fact as to the performance of the service. Even though the petitioners would be entitled to an order, the question of fact raised by these affidavits would ordinarily call for an alternative order to try out such question of fact. However, this court is confronted by the additional and undisputed fact that, after its committee on claims had received the claims of the petitioners herein and had investigated the same, on December 14, 1937, the common council passed the resolution above described and the same was approved by the mayor. This action of the common council and of the mayor is sufficient to sustain a finding by this court that the services were performed and that the city felt it just and equitable to pay for the same. This court is further of the opinion that, by the action of its common council and its mayor on December 28, 1937, as above described, the city imposed on itself a recognition of the claims of the petitioners as moral and equitable, and, with the imposition of such claims upon itself, the city had a right to pay such claims. An examination of the law can leave no doubt that a city has the right to pay or compromise claims equitably payable by the city, though the same be not legally binding on the city. (General City Law, § 20, subd. 5; *Monro* v. *State*, 223 N. Y. 208; *Matter of Evans* v. *Berry*, 262 id. 61; *United States* v. *Realty Co.*, 163 U. S. 427; *People* v. *Westchester Co. Nat. Bank*, 231 N. Y. 465; *Matter of Christey*, 92 Misc. 1.)

The city, by the action of its common council and mayor, having recognized these claims as being for work actually performed and equitably and morally an obligation of the city, the petitioners are entitled to an order as prayed for by them and for a dismissal of the motion of the respondent.